Cite as 2025 Ark. App. 532

# ARKANSAS COURT OF APPEALS
DIVISION III
No. CV-25-5

|  |  |
|---|---|
| DUSTIN KEATHLEY D/B/A DSR CONSTRUCTION AND PATSY KEATHLEY<br><br>APPELLANTS<br><br>V.<br><br>DEAN HALIJAN AND CHRISTIE HALIJAN<br><br>APPELLEES | Opinion Delivered November 5, 2025<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTEENTH DIVISION<br>[NO. 60CV-22-4201]<br><br>HONORABLE MORGAN E. WELCH, JUDGE<br><br>AFFIRMED |

## ROBERT J. GLADWIN, Judge

On June 29, 2022, appellees Dean Halijan and Christie Halijan (the "Halijans") filed suit against appellants Dustin Keathley d/b/a DSR Construction and Patsy Keathley (the "Keathleys") for breach of contract and negligent construction related to the Keathleys' defective construction of a custom home they contracted to build for the Halijans. The circuit court found that the Keathleys were liable and, on June 3, 2024, entered judgment against the Keathleys totaling $177,171.61. This is a companion case to case No. CV-24-560, also handed down today, in which the Keathleys have appealed the judgment (the "Companion Appeal"). *See* 2025 Ark. App. 531, ___ S.W.3d ___.

This appeal solely addresses the resulting award of an attorney's fee to the Halijans following the June 3, 2024 judgment. Because the Keathleys seek reversal of the underlying

judgment in which the circuit court concluded that the Halijans were the prevailing parties, they likewise argue that the attorney's-fee award should be reversed in the event the underlying judgment in the Companion Appeal is reversed.

The general, well-established rule relating to attorney's fees is that attorney's fees are not allowed except when expressly provided by statute. *Dye v. Precision Found. Specialties & Flow Rite Drainage Sols., Inc.*, 2022 Ark. App. 220, at 23, 646 S.W.3d 168, 182. Arkansas allows a prevailing party in a breach-of-contract case to recover reasonable attorney's fees pursuant to Arkansas Code Annotated section 16-22-308 (Repl. 1999), which provides:

> In any civil action to recover on . . . breach of contract, *unless otherwise provided by law or the contract* which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs.

*Dye*, 2022 Ark. App. 220, at 23–24, 646 S.W.3d at 182–83 (emphasis in original).

The circuit court concluded that the Halijans were the prevailing party because they recovered a judgment against the Keathleys. On that basis, the circuit court entered the judgment that this appeal is based on—an attorney's-fee award of $73,781.28 and costs of $427.07.

The Arkansas Supreme Court "has consistently held that when a judgment in favor of a prevailing party is reversed, any award of attorney's fees must also be reversed." *Pettus v. McDonald,* 343 Ark. 507, 516–17, 36 S.W.3d 745, 751 (2001). Accordingly, the Keathleys argue that if this court reverses the underlying judgment by the circuit court in the Companion Appeal, the attorney's-fee award must also be reversed.

We disagree. The Keathleys' sole point on appeal in the Companion Appeal is the measure of damages that the circuit court used in awarding damages for the defective construction. Even if the Keathleys had succeeded in the Companion Appeal, only the amount of damages would have been subject to change. For this reason, the Halijans remain the prevailing party regardless of the outcome of the Companion Appeal.

We note that the Keathleys neither challenge the amount of the attorney's-fee award in the underlying breach-of-contract action nor otherwise raise any of the challenges they argued before the circuit court. Even if we had reversed the underlying judgment in the Companion Appeal, the only issue to be remanded to the circuit court would have been the amount of damages the Halijans are entitled to recover for the cost of repairing the Keathleys' defective construction. Any damages awarded for the defective construction would be in addition to the $37,140 in damages awarded by the circuit court representing damages for the cost to complete construction, interest, and penalties accrued by the Halijans as a result of the Keathleys' actions, which the Keathleys do not appeal.

Because we affirm the circuit court's award of damages in the Companion Appeal, and the Keathleys do not dispute the amount of the attorney's-fee award, we likewise affirm the attorney's-fee award.

Affirmed.

HIXSON and MURPHY, JJ., agree.

*Mann & Kemp, PLLC*, by: *Harrison Kemp*, for appellants.

*Gill Ragon Ownen, P.A.*, by: *Matthew B. Finch* and *Hannah W. Howard*, for appellees.

3